UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kelly A. Jordan,                                              Civ. No. 23-1239 (PAM/ECW)

                        Petitioner,

v.                                                           **MEMORANDUM AND ORDER**

Michael Segal, Warden,

                        Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of

United States Magistrate Judge Elizabeth Cowan Wright dated May 9, 2023.  (Docket No.

4.)  The R&R recommends that Petitioner Kelly A. Jordan's Petition for a Writ of Habeas

Corpus be denied and this matter dismissed.  Jordan filed a timely objection to the R&R.

(Docket No. 7.)

This Court must review de novo any portion of an R&R to which specific objections

are made.  28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b).  After conducting the required

review and for the following reasons, the Court **ADOPTS** the R&R.  (Docket No. 4.)

Jordan's Petition contended that the Bureau of Prisons is incorrectly calculating the

time credits Jordan has earned for taking certain programming in the institution.  The R&R,

however, noted that every court to consider the issue has agreed with the BOP's

interpretation that prisoners are entitled to 10 (or 15) days of credit per month of

programming in which they participate, not 10 or 15 days of credit per class.  (R&R at 2.)

Indeed, as one Magistrate Judge in this District has noted, Jordan's interpretation of the

statute "would lead to absurd results" because a federal prisoner subject to a long-term

sentence who enrolled in a large number of classes might be entitled to release after only a few months.  Rice v. Segal, No. 23cv751 (ECT/DJF), Dkt. No. 6 at 3 (D. Minn. Apr. 24, 2023).

Moreover, even if the Court disagrees with the BOP's interpretation of the statute, that interpretation is reasonable.  Thus, under well-settled precedent, the Court must defer to it.  Entergy Corp. v. Riverkeeper, Inc., 556 U.S. 208, 218 (2009).  Jordan believes that the Supreme Court will soon reconsider its longstanding precedent regarding the deference due to agency interpretations of statutes, but this Court is bound by Supreme Court's rulings, not conjecture.

Jordan's Objections argue about staffing issues at the facility, which apparently have led to fewer classes being offered.  Jordan does not say that she has been unable to take classes she wishes to take or specify the harm she personally has suffered as a result of the understaffing.  But even if understaffing could conceivably state a claim for relief, this is not a claim Jordan raised in her Petition and it is not properly considered here.  As the R&R correctly concluded, Jordan is not entitled to habeas-corpus relief.

Accordingly, **IT IS HEREBY ORDERED that**:

1.    The R&R (Docket No. 4) is **ADOPTED**;

2.    The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

3.    This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:     May 23, 2023          *s/Paul A. Magnuson*
                                 Paul A. Magnuson
                                 United States District Court Judge